John A. BOLAND, Appellant,

v.

Ferenc JANDO, Respondent.

No. 51534.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Sherman Landau, St. Louis, for appellant.

Murphy & Kortenhof, Joseph M. Kortenhof, St. Louis, for respondent.

HIGGINS, Commissioner.

■ John A. Boland sued Ferenc Jando for $35,000 damages for personal injury and injury to his automobile alleged to arise from a rear-end collision between their automobiles. A jury returned a verdict for plaintiff, Boland, for $500 personal injuries and $200 property damage, and he has appealed on the ground, inter alia, that by reason of inadequacy of the verdict he is entitled to a new trial. The amount in dispute is the difference between the $35,-000 claimed and the $700 received, and jurisdiction is thus in this court. Mo.Const., Art. V, § 3, V.A.M.S.; Section 477.040 RSMo 1959, V.A.M.S.; Davidson v. Schneider, Mo., 349 S.W.2d 908, 909 [1].

Plaintiff, aged 50, a graduate electrical engineer, was engaged in the television and radio repair business. At 8:55 a. m., March 12, 1964, he was traveling southbound on Grand Avenue in St. Louis, Missouri, in his 1963 Dodge Dart station wagon. He stopped at a stop sign at the intersection of Grand Avenue and Lierman Avenue and, while stationary, he was struck at the rear by a 1953 Chevrolet operated by defendant. The impact knocked plaintiff's hat from his head and caused his head to strike the windshield and to receive "a slight scratch." Repairs to the Dodge cost $188.25 and to the Chevrolet, $10. Defendant was not injured. Later on the day of the collision, plaintiff went to Dr. Roy E. Gladney, a chiropractor, who took X rays of plaintiff's back and spine and he testified that his X rays and those in the hospital record showed that plaintiff had a fracture of the third cervical vertebra. Defendant's examiner, Dr. Louis A. Reuter, disputed this claim by stating that none of the X rays suggested a possibility or probability of such a fracture. Plaintiff testified that he subsequently developed dizzy spells, and he also testified that he had a broken cervical vertebra. Four or five days after the collision he was examined by Drs. Robert Potashnik and Hugh R. Waters who sent him to Barnes Hospital for treatment by Dr. Herbert E. Rosenbaum. He was at the hospital March 20 through March 24, 1964, where additional X rays were taken. Plaintiff's medical expenses amounted to $464.50.

In 1955 plaintiff had a position with the Federal Aviation Authority at an annual salary of $9,000. He had been notified of a promotion to a position at an annual salary of $12,000 which he never enjoyed because of an electrical shock injury which incapacitated him for about three years. Subsequently, he went into television and radio repair and the transcript shows an agreement that plaintiff paid federal income tax on $1,372.67 in 1963; that the 1962 return did not show any income from the repair business, and that there was no record of plaintiff's earnings in January, February, March, and April, 1964, in the company books.

Appellant's first contention is that the court erred in excluding an X-ray interpretation contained in the hospital record. The excluded interpretation was: "There is a small spur-like projection off the anterior inferior surface of the body of C3 which could be a small chip fracture." Defendant objected to reading it into evidence on the ground it was speculative and the court excluded the interpretation because " 'could be' is not with enough definiteness to make it admissible in evidence."

■ Qualification of a hospital record under the Uniform Business Records Act, Sections 490.660 to 490.690, RSMo 1959, V.A.M.S., does not necessarily make all parts of the record automatically admissible; objectionable parts may be excluded if proper specific objection is made, Allen v. St. Louis Public Service Co., 365 Mo. 677, 285 S.W.2d 663, 666 [4]; and it would be proper to exclude an X-ray interpretation couched in terms of "could be a small chip fracture," upon objection that such interpretation was speculative, LaMantia v. Bobmeyer, Mo.App., 382 S.W.2d 455, 462 [15]. Even if the exclusion were thought to be erroneous, there would be no prejudice here because the evidence sought from the hospital record was given directly by plaintiff

when he was permitted to testify that he had a broken cervical vertebra and by plaintiff's Dr. Gladney who stated that he examined the X rays in question and that they showed a fracture of the third cervical vertebra. Boring v. Kansas City Life Insurance Co., Mo., 274 S.W.2d 233, 239 [7]; Drummond v. Hartford Fire Insurance Co., Mo.App., 343 S.W.2d 84, 89.

Appellant's principal contention is that the verdict is grossly inadequate, claiming that the $500 recovery for personal injuries compensated him for medical expense only and did not compensate him for his injuries, loss of time and loss of earnings. He does not quarrel with the $200 recovery for property damage. In support of his contention, appellant cites Breland v. Gulf, Mobile & Ohio R. Co., Mo., 325 S.W.2d 9, 16 [8], to the effect that "a reasonable uniformity of amounts of verdicts and judgments must be maintained," and urges that he should have a new trial because of inadequacy of the verdict.

Plaintiff's bills for doctors and hospitalization totaled $464.50. Plaintiff told defendant at the collision scene that he was not hurt and that he sustained a slight scratch on his head. The scratch went away in a couple of days. Dr. Gladney saw defendant following the accident and he found "no scars, * * * no abrasions, lacerations or anything like that." The testimony as to vertebra fracture was disputed, plaintiff and Dr. Gladney claiming a chip fracture and Dr. Reuter being unable to find any such injury from any of the X rays in evidence. There was no record of earnings by defendant in January and February preceding the collision March 12, 1964; there was no evidence that the shop was closed after the collision; and the earning power of the position defendant held with the FAA concluded with the disability following the electric shock sustained on that job. These circumstances are examples of other facts

and circumstances in this case from all of which the jury could reasonably have found little, if any, physical injury and little, if any, income-producing time lost from work as a result of the described collision; and determination of the amount of damages is primarily for the jury. Spica v. McDonald, Mo., 334 S.W.2d 365, 368 [1]. Neither is this verdict out of line with similar cases. In Polizzi v. Nedrow, Mo., 247 S.W.2d 809, the prayer was for $10,000 damages and the court rejected a claim of inadequate damages where the jury allowed $100 ($50 more than the doctor bill) for severe nervous shock, sprain or strain of the back and a contusion of the chest. Another claim of inadequacy was rejected in Davidson v. Schneider, supra, where plaintiff recovered $531.50 for a herniation of the lower lumbar disc. There was no wage loss; the doctor bill was $231; and property damage was $300. Another example is Coghlan v. Trumbo, Mo., 179 S.W.2d 705, where the court affirmed a $250 verdict for concussion and bone injury to plaintiff's sternum. Artstein v. Pallo, Mo., 388 S.W.2d 877, 882 [7, 8], and Davis v. City of Mountain View, Mo.App., 247 S.W.2d 539, 541 [3, 4], cited by plaintiff, are not in point because in the first situation the parties agreed that if plaintiff was entitled to recover at all the award was inadequate, and in the second case the undisputed evidence showed that if plaintiff was entitled to any verdict he was entitled to something more than his $26 doctor bill.

Accordingly, it does not appear that the verdict is so inadequate as to justify retrial, and the judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

All concur.