**STATE of Missouri, Respondent,**

v.

**John W. MOORE, Jr., Appellant.**

**No. WD 33407.**

Missouri Court of Appeals,
Western District.

Nov. 30, 1982.

John R. Shank, Gladstone, for appellant.

John Ashcroft, Atty. Gen., and Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Defendant Moore was jury convicted of robbery in the first degree (Section 569.020, RSMo 1978) and sentenced to 30 years in the Department of Corrections. He did not offer any evidence nor did he question the sufficiency of the evidence to support his conviction. The only point raised on appeal by defendant is that the weapon admitted in evidence was not connected with the defendant nor with the crime and therefore was not relevant or material and its introduction was prejudicial to him.

At 9:00 p.m. on June 22, 1981 the defendant, at gunpoint robbed the attendant of the Tommy Oil Company in North Kansas City, Missouri. The defendant took between $100 and $150 in cash. A female companion and defendant forced a lady customer from her car and took the car to make good an escape. A few moments later defendant was seen by a policeman in the stolen car. The car's lights were out and it had just run a red light at an intersection one block from the robbery scene. The police gave chase and next saw defendant on foot running through a scrap metal yard adjacent to the Sesco Building in North Kansas City. The yard had a 6 foot fence around it with another 6 inches of barbed wire at the top. Defendant was then seen and captured on top of the Sesco Building. He had neither a gun nor any money with him at the time of capture.

Eight days later in a pile of scrap metal in the yard next to the Sesco Building was discovered a .22 caliber pistol and approximately $99 in cash. The money and cash were within 8 inches of each other in the pile of scrap metal. No fingerprints were lifted from the weapon. Pictures were taken of the money and the weapon but were not admitted into evidence because they had not been made available to the defendant prior to trial. The $99 in cash was not admitted as the state could not establish a continuous chain of custody from the time it was taken by the North Kansas City police until trial.

The state, over objection, offered into evidence Exhibit # 5, the .22 caliber pistol. The oil company attendant when asked if it were the weapon used in the crime said he did not think it was the one defendant pointed at him as the one defendant used, "had wooden handles on it." The victim, whose car was taken, did not observe the weapon used. Defendant's sole point on appeal is the prejudicial effect of Exhibit # 5 that he claims was unconnected to himself or the crime.

The court allowed the weapon in evidence. The jury retired to deliberate at 9:27 a.m. and sometime thereafter it sent a note to the trial judge asking "to see the handgun listed as evidence." Exhibit # 5 was sent to the jury, and at 10:58 a.m. the guilty verdict was returned.

In *State v. Charles*, 572 S.W.2d 193 (Mo. App.1978) a weapon used in an unrelated offense was allowed into evidence for a trial of second degree murder and armed robbery. The weapon there was not the one used in the crime charged but a weapon the defendant allegedly possessed and was charged with for an earlier crime of carrying a concealed weapon. In *Charles,* Judge Somerville noted the general rule as to the introduction and prejudicial effect of lethal weapons unconnected with a crime:

"Lethal weapons completely unrelated to and unconnected with the criminal offense for which an accused is standing trial have a ring of prejudice seldom attached to other demonstrative evidence, and the appellate courts of this state have been quick to brand their admission into evidence, and any display of or reference to them during closing argument, as prejudicial error." [Citations omitted]. *Id.* at 198.

Other than the fact that the handgun was found 8 days later in the path of defendant's flight from police there is no relation to or connection with the questioned exhibit and the defendant or the crime. The admission of Exhibit # 5 was error and should not be declared harmless, "unless it can be said to be so without question, and that in order to declare so the record should demonstrate that the jury disregarded or was uninfluenced by the improper evidence." *Charles, supra,* at 199. The jury asked to see the handgun so it may not be said they disregarded it; likewise, later within a relatively short period of time they returned a guilty verdict. The exhibit was shown to have no relevancy of materiality—its admission error, and since a lethal weapon the prejudicial effect here of its admission rises to a level requiring reversal.

With overwhelming evidence of guilt of defendant of this crime it is unbelievable the prosecution thought it needed Exhibit # 5 in evidence. What the state expected to show with a gun that its only witness could not identify is subject to some speculation. The state made its case and then attempted to "gild the lilly" and go beyond what it needed.

The legal principles in cases like *Charles* are not to be winked at or ignored nor to be treated as so much pap. To abide by the notion that a lethal weapon, such as here, unconnected with, unrelated to and not identified with either the accused or the crime should not be introduced or admitted in a criminal trial, will not put a crimp in our criminal justice system. To do otherwise is to erode our system and its protections and invite, as here, reversal.

The judgment is reversed and the cause remanded for new trial.