STATE of Missouri,
Plaintiff-Respondent,

v.

David THRASHER, Defendant-Appellant.

No. 45832.

Missouri Court of Appeals,
Eastern District,
Division One.

May 3, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Henry Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant was convicted by a jury of kidnapping, § 565.110 RSMo 1978, and three counts of forcible rape without a weapon, § 566.030 RSMo Supp.1982. Defendant was sentenced as a persistent offender to serve fifteen years for kidnapping and forty years on each rape charge, all to be served concurrently. § 558.016.

The complaining witness testified that on October 18, 1981, she was walking along a street in the city of St. Louis, when defendant pulled up alongside her in his car, and offered her a ride. After she voluntarily entered the car, defendant displayed a knife, threatened her, and committed three separate acts of rape at three different locations. She testified further that between each act defendant drove around the city, stopping once to purchase gasoline, and once to converse with two occupants of another car. She acknowledged that she lied when she reported the incident to the

police, telling them that defendant forced her into his car at knife point.

Defendant testified and acknowledged one act of intercourse. He denied possessing a knife, denied threatening complainant, and told the jury that the complainant suggested that they have sex and consented to the act.

Defendant first contends that the trial court erroneously allowed into evidence a portion of the complainant's hospital record. Defendant made a timely objection to only that part of the hospital record prepared by a social service employee of the hospital. The social service employee, who did not testify at trial, talked with the complainant several hours after she left defendant's car and after she had been examined in the hospital's emergency room. Defendant objected to the portion of the medical record that stated:

> 10–18–81, 2300 hours. Patient, age 17, brought by parents to St. Luke's East Emergency Room for *rape examination,* following *sexual assault occurring tonight. Patient tearful and subdued, voicing feelings of fearfulness and fright, especially regarding retaliation by offender who apparently threatened patient with harm if she reported assault. Also expressing relief that she survived the ordeal.* (emphasis added)

Defendant specifically objected that the italicized portion was hearsay, conjectural, not probative of medical facts, a denial of confrontation rights, and not qualified as a business record.

■ The Uniform Business Records as Evidence Law, §§ 490.660–.690 RSMo 1978, applies to criminal as well as civil cases. *State v. Graham,* 641 S.W.2d 102, 106 (Mo. banc 1982). Proper qualification of a hospital record under the Uniform Business Records as Evidence Law does not necessarily make all parts of that record admissible, however. *Winterton v. Van Zandt,* 351 S.W.2d 696, 702–03 (Mo.1961); *Allen v. St. Louis Public Service Co.,* 365 Mo. 677, 285 S.W.2d 663, 666 (1956). Objectionable portions of the record may be excluded if a proper specific objection is made. *State v.*

*Graham,* 641 S.W.2d at 107; *Boland v. Jando,* 395 S.W.2d 206, 207 (Mo.1965). Unlike the defendant in *Graham,* defendant here made a timely specific objection.

■ The portion of the hospital record specifically objected to should not have been admitted into evidence. It contained hearsay statements made by the complainant and recorded by a social service employee. It was hearsay upon hearsay. *See State v. Davis,* 2 Kan.App.2d 698, 587 P.2d 3, 5 (1978), where a hospital report containing hearsay statements of hospital personnel reporting statements made by the defendant contained double hearsay and thus was held inadmissible.

Moreover, the social services employee, if present to testify at trial, could not have testified as to the complainant's hearsay statements. *See State v. Vance,* 633 S.W.2d 442, 444 (Mo.App.1982); *State v. Boyington,* 544 S.W.2d 300, 305 (Mo.App. 1976). The record was also not a statement of medical diagnosis or treatment and was not admissible as a patient's history necessary to observation, diagnosis and treatment and essential to the examination and care of the patient. *State v. White,* 633 S.W.2d 173, 176 (Mo.App.1982).

In addition, the record was clearly used for a hearsay purpose, as the out of court statements were used to prove the truth of the matters asserted therein. *State v. Johnson,* 637 S.W.2d 157, 161 (Mo.App. 1982). The state used the record to show that the complainant did not consent, as defendant admitted one act of sexual intercourse. The records custodian read the record verbatim, as did the prosecutor in closing argument. Thus used, the record was meant to prove that the complainant was upset, fearful, talked of a knife, and relieved that she survived a forcible rape.

■ The erroneous admission of the record should not be declared harmless "unless it can be said to be so without question, and that in order to declare so the record should demonstrate that the jury disregarded or was uninfluenced by the improper evidence." *State v. Moore,* 645 S.W.2d 109,

110 (Mo.App.1982); *State v. Charles*, 572 S.W.2d 193, 199 (Mo.App.1978). We cannot say without question that the jury here disregarded or was uninfluenced by the objectionable portion of the hospital report.

Apart from the complainant's testimony, the hospital report was the only evidence that she was fearful of retaliation for reporting the incident, and was relieved that she survived the "ordeal." In essence, it was the complainant corroborating her own story. The report, as the prosecutor recognized by reading it on closing argument, was instrumental in negating the defense of consent in a case that was, in essence, the complainant's testimony versus defendant's testimony.

Under these circumstances, "[t]he hearsay statements standing alone constituted potent proof of guilt when accepted as true by the jury." *State v. White*, 72 Wash.2d 524, 433 P.2d 682, 687 (1967). In *White*, the Washington Supreme Court held that the admission into evidence of a hospital report containing hearsay statements describing criminal acts by a rape victim was reversible error. As the statements contained in the hospital record here also went to the heart of the issue at trial, consent, the report's admission into evidence constituted reversible error.

Defendant's second point on appeal, which may occur again on retrial, is that he was prejudiced by an adverse inference raised by the prosecutor in closing argument. Defendant testified on direct examination that while the complainant was in the car with him, he talked with some friends who had pulled alongside in another car. On cross-examination, defendant was asked to identify the friend. He stated that he was pretty sure it was "Rich," but did not know Rich's last name. Rich was not exactly a friend, defendant explained, just somebody he knew. That was the extent of the testimony about "Rich" and there was no evidence that defendant knew how to locate Rich.

In final closing argument the state alluded to Rich by arguing, over objection,

[Prosecutor]: He said that some guys, friends of his, in the Camaro—I believe one of the guys' names was Rich, according to the Defendant—stopped by while he was down there on Nottingham. Have you heard from Rich?

. . . . .

[Prosecutor]: Yes, ladies and gentlemen, I am attempting to draw an adverse inference. Where [is this witness]? Where [is the witness] that he indicated in his statement that he could produce?[1]

■ A party cannot comment on the failure of the other party to call a witness equally available to both parties. *State v. Valentine*, 587 S.W.2d 859, 864 (Mo. banc 1979); *State v. Collins*, 350 Mo. 291, 165 S.W.2d 647, 648 (1942). A party may properly comment on the failure of the other party to call a witness when the witness is peculiarly "available" to one party to the action, so that upon that party's failure to produce the witness in court, an inference arises that his testimony would have been unfavorable. If the missing witness is available the court looks at the party's opportunity for knowledge of or control over the witness, the community of interest between the two, or the prior statements and declarations of the witness to determine if it would be reasonably probable that the witness would have been called to the trial to testify for the party except for the fact that it was either known or feared that his testimony on the stand would have been damaging. *State v. Collins*, 165 S.W.2d at 649.

■ There was no evidence that "Rich" was available to defendant as a witness, nor was there any evidence from which to infer that Rich's testimony would have been damaging to defendant. Defendant had little knowledge of Rich and certainly no control over him. Defendant and Rich had no close relationship or "community of inter-

---

1. Defendant gave the police a signed statement to the effect that he had "two witnesses." The statement does not identify "Rich" as one of the two witnesses or that he could produce them.

est." We know of no prior statements made by Rich that could be presumed adverse to defendant. The state did not contend that defendant took any action to conceal Rich or his testimony from the state. *State v. Valentine*, 587 S.W.2d at 865. No adverse inference arises, therefore, in defendant's failure to call Rich as a witness and the trial court erred in permitting the state to argue the adverse inference.

In view of our holding, we decline to review defendant's third point relating to the validity of his sentence.

We reverse and remand for a new trial.

SIMON, P.J., and STEPHAN, J., concur.