STATE of Missouri, Respondent,

v.

**Johnny JACKSON, Appellant.**

**No. 47460.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

Application to Transfer Denied
July 17, 1984.

Debra Buie Arnold, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Johnny Jackson, was convicted after a jury trial of forcible rape, § 566.030, RSMo (Supp.1983) and sentenced as a persistent sexual offender to serve thirty years in the Missouri Department of Corrections without probation or parole. § 558.018, RSMo (Supp.1983). We affirm. Since the defendant does not challenge the sufficiency of the evidence, it is unnecessary to relate the facts pertaining to the commission of the crime. It is sufficient to say that the State made a submissible case.

On appeal defendant argues that the trial court erred in permitting the examining physician to testify from a medical record containing statements made to him by the victim during a physical examination following the rape. The record as a whole was admitted into evidence without objection under the Uniform Business Records as Evidence Act, §§ 490.660–490.690, RSMo (1978). However, defendant specifically objected during the trial when the examining physician was asked to read, from that record, a checklist of physical symptoms which the victim reported to the doctor during the examination. Defendant contended that such evidence constituted hearsay. The trial court overruled the objection and permitted the testimony.

In support of his contention, defendant relies on *State v. Thrasher*, 654 S.W.2d 142 (Mo.App.1983). In that case a statement, contained in a medical record, of a rape victim to a social worker at the hospital was received into evidence over specific objection. The social worker did not testify, nor was the statement a necessary part of the victim's medical history and examination. Further, the statement referred to the offender and the sexual assault. The court found that the statement constituted inadmissible hearsay.

*Thrasher* is easily distinguished from the present case. Here, the examining physician testified as to information that did not refer to either the defendant or the rape incident. Also, it is clear that the statement was a necessary part of the medical record and was so essential to the examina-tion and care of the patient as to make it admissible. *State v. White*, 633 S.W.2d 173 (Mo.App.1982).

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.