**STATE of Missouri, Respondent,**

v.

**John M. RAY, Appellant.**

**No. WD 40155.**

Missouri Court of Appeals,
Western District.

Oct. 25, 1988.

Joseph H. Locascio, Sp. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and LOWENSTEIN and FENNER, JJ.

CLARK, Presiding Judge.

John M. Ray was charged with conspiracy to commit robbery in the first degree and with armed criminal action. A jury convicted Ray of the offense of conspiracy but was unable to agree on the charge of armed criminal action. Ray, as a prior offender, was sentenced to a term of ten years.

On appeal, Ray contends the state did not make a submissible case of conspiracy. He also complains of error in the exclusion of evidence consisting of hospital records which listed comments Ray made when treatment was administered after his arrest.

The jury was entitled to find from the evidence that on March 31, 1987, Ray telephoned Gloria Nix, an employee of a Burger King restaurant and Ray's former girlfriend. The purpose of the call was to inquire about security at the restaurant. Ray told Nix he was planning to rob the restaurant and, if she would assist him, he would share the proceeds with her. Nix immediately reported the conversation to her supervisor.

Arrangements were made for police surveillance. Ray continued to contact Nix to learn the conditions at the store. On April 2, 1987, two days following the first conversation with Ray, Nix observed an automobile occupied by Ray and two other men, Jerome Fue and Rodjrika Ward, appeared at the restaurant drive-thru window. In response to an inquiry of her, Nix told the men the guard was not in the store. A few minutes later, the three men approached

the restaurant on foot and were met by the police officers. Ward was immediately taken into custody, Ray and Fue fled, but they were apprehended after pursuit. Ray was pulled from beneath a van where he was found hiding. At the time, he was wearing a black stocking over his head. A knife and a plastic gun were found at the scene.

In his first point, Ray contends the state failed to make a submissible case because there was no proof he conspired with Fue and Ward to commit the robbery. He argues that a case could be made only if the state proved a conspiracy involving both Fue and Ward and the commission thereafter of some overt act in furtherance of the conspiracy. If the details of the conspiracy are not proved, he says no overt act can be shown because lack of timing the origin of the conspiracy precludes proof that the overt act occurred thereafter.

The crime of conspiracy is described in § 564.016.1, RSMo 1986, as follows:

> A person is guilty of conspiracy with another person or persons to commit an offense if, with the purpose of promoting or facilitating its commission he agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such offense.

The offense is committed if a person, with the purpose of promoting the offense, agrees with another person that at least one of them will engage in conduct constituting the offense. The subjective intent of the other individual, the person with whom the defendant is alleged to have conspired, is irrelevant. *State v. Welty*, 729 S.W.2d 594, 597 (Mo.App. banc 1987). A conspiracy may be established by circumstantial evidence because the clandestine nature of agreements between co-conspirators rarely permits proof of a conspiracy to be made by direct evidence. *State v. Washington*, 707 S.W.2d 463, 468 (Mo.App. 1986); *State v. Baldwin*, 358 S.W.2d 18, 24 (Mo.1962). Before a conviction for conspiracy may be obtained, proof must be adduced that an overt act in furtherance of the conspiracy was committed. There is no

requirement, however, that a physical act occur. A telephone conversation or even mere silence can be an overt act. *State v. Mace*, 682 S.W.2d 163, 166 (Mo.App.1984). The overt act need not even be a substantial step in the commission of the target offense. *State v. Neal*, 685 S.W.2d 271, 273 (Mo.App.1985).

In determining whether a submissible case was made, the facts in evidence and all inferences reasonably drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded. *State v. Moon*, 602 S.W.2d 828, 831 (Mo. App.1980). On appeal, the appellate court does not weigh the evidence, but limits the scope of its review to a determination of whether the verdict is supported by substantial evidence. *State v. Harvey*, 641 S.W.2d 792, 799 (Mo.App.1982). Substantial evidence means evidence from which the trier of fact reasonably could find the issues in harmony therewith. *Moon*, 602 S.W.2d at 831. Where the state's case is totally based on circumstantial evidence, the evidence must satisfy the additional rule that the facts and circumstances be consistent with each other and with the hypothesis of the defendant's guilt, inconsistent with his innocence and exclude every reasonable hypothesis of his innocence. *State v. Connor*, 651 S.W.2d 550, 555 (Mo. App.1983).

The state argues in the present case that the conspiracy was proved by the conversations between Ray and his girlfriend, Nix, in which plans for the robbery were laid. The point is made that Nix's arrangement as a police informer does not preclude use of her conversations with Ray to prove the conspiracy because intent of the co-conspirator to engage in the crime is unnecessary. Although this is undeniably correct, the involvement of Nix and the communications between Ray and her may not be employed to prove the conspiracy because Ray was not charged with entering into a conspiracy with Nix. The information charged Ray with conspiring with Fue and Ward. The state may not charge a conspiracy between the accused and certain named

persons and procure a conviction based on proof the accused conspired with other persons. *Harlow v. United States,* 301 F.2d 361, 369 (5th Cir.), *cert. denied,* 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56 (1962); 16 Am.Jur.2d *Conspiracy* § 40 (1979).

We conclude, however, that the proof adduced was sufficient to show a conspiracy, at least between Ray and Fue. The evidence on this subject showed that at 9:00 p.m. on the night of the attempted robbery, Fue entered the restaurant and glanced at Nix, the two being prior acquaintances. Within thirty minutes, Ray telephoned Nix to inquire if the store guard had left. After another thirty minutes elapsed, a car driven by Ward and occupied by Ray and Fue came through the restaurant's car service lane where Nix was stationed. The trio asked Nix about the guard and, being assured there was no guard to be encountered, the group left in the car to return on foot a few moments later. Fue was armed with a knife and Ray with a plastic hand gun. This evidence of a conspiracy between Ray and Fue to rob the Burger King, although circumstantial, was sufficient. It was consistent with an agreement made earlier by Ray and Fue to commit the crime and it was inconsistent with any other explanation for the events.

As was noted earlier, Ray not only questions the proof of any conspiracy, but he also argues that there was no proof of a conspiracy involving Ward. He asserts that conformity with the charge in the information required proof of a conspiracy among all three named conspirators, Ray, Fue and Ward. Assuming for purposes of the point that involvement of Ward in the plan to rob the restaurant was not made, the absence of such proof does not prevent Ray's conviction. A defendant charged with conspiring with others may be convicted on proof of conspiracy with any of the others and without proof all participated in the conspiracy. *Carter v. United States,* 332 F.2d 728, 731 (8th Cir.), *cert. denied,* 379 U.S. 841, 85 S.Ct. 79, 13 L.Ed.2d 47 (1964); 15A C.J.S. *Conspiracy* § 90 (1967); 16 Am.Jur.2d *Conspiracy* § 40 (1979).

In summary, the evidence justified a finding that Fue first appeared at the Burger King to verify the information Ray had obtained in previous telephone conversations with Nix and to inspect the premises as a prelude to the robbery later that night. Fue then rejoined Ray and, in Ward's automobile, came to the restaurant to commit the crime. Further inquiry was made of Nix by the three to determine if any change of circumstances had occurred. Fue and Ray were armed and prepared for the event. These facts constituted sufficient circumstantial evidence to establish that at least Ray and Fue had agreed upon a plan to rob the restaurant. The overt acts were shown by the appearance of Ray and his companions at the location where the crime was to occur, as Ray had earlier announced to Nix. The trial court did not err when it overruled Ray's motion for a judgment of acquittal.

Appellant next complains of error in the ruling by the trial court which prevented appellant from offering in evidence the hospital records relating statements Ray made following his arrest. Those statements were allegedly excited utterances admissible as an exception to the hearsay rule. Because appellant did not testify himself, he sought admission of the records to prove the police inflicted injury upon him in the course of his arrest.

The statements Ray made to hospital personnel were at least one hour after the events at the Burger King. An excited utterance is one made under the stress of nervous excitement produced by an event sufficiently startling or unusual to overcome normal reflection. *State v. Rogers,* 585 S.W.2d 498, 504 (Mo.App.1979). There were no facts presented in this case to show that Ray's state was one of excitement by any event or, if such had occurred earlier, that it had not passed. The statements were not admissible under this exception to the hearsay rule.

Ray also contends the evidence was admissible under the rule pertaining to business records. That does not aid appellant here, however, because self-serving

statements in business records are nonetheless to be excluded. *State v. Thrasher*, 654 S.W.2d 142, 144–45 (Mo.App.1983).

In addition to the above, the court correctly excluded the hospital records because they were irrelevant to the issue of the conspiracy with which Ray was charged. Whether Ray suffered any injury in the course of his apprehension and arrest had no bearing on his guilt or innocence of the crime.

The judgment is affirmed.

All concur.