**Johnny JACKSON, Appellant,**

v.

**STATE of Missouri, Defendant.**

**No. 53968.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 14, 1988.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for defendant.

KAROHL, Judge.

Following an evidentiary hearing the motion court denied movant's motion for post conviction relief under former Rule 27.26. Movant was convicted by a jury of forcible rape and sentenced as a persistent offender to thirty years imprisonment. This court

affirmed movant's conviction on direct appeal in *State v. Jackson*, 671 S.W.2d 816 (Mo.App.1984).

Movant claims ineffective assistance of counsel for failure to introduce evidence to impeach M.S., the prosecuting witness. In support of his motion movant submitted certain medical records of M.S. and offered his testimony and the testimony of two other witnesses. The motion court entered required and responsive findings of fact and conclusions of law, and denied relief. We affirm.

Movant claims that his trial counsel was ineffective for failure to present medical record evidence and the testimony of two additional witnesses which, if believed, would have shown M.S.: (1) had a reputation for untruthfulness; (2) had a drinking problem; and, (3) had suffered several seizures. Claimant argues this was evidence M.S. was "incompetent" to testify at trial. Movant claims trial counsel was ineffective for failure "to introduce evidence to impeach the competence, reliability and credibility of the prosecutrix."

At trial, movant's counsel attempted to admit the medical records of M.S. as evidence of her incompetence as a witness. Trial counsel claimed that the medical records indicated that M.S. had a "continuing history of sever [sic] alcohol abuse, and therefore probable memory loss." The trial judge refused to admit the records into evidence. However, trial counsel introduced evidence that M.S. has a drinking problem and had been drinking on the day the rape occurred. Counsel cross examined M.S. about her drinking on the day of the rape, specifically asking what time she started drinking and what she drank on that day. M.S. testified that she began drinking wine at approximately 8:00 a.m. on the date of the rape and that she continued drinking until later that evening.

Trial counsel also called Ollie Graves to testify about M.S.'s drinking problem. Ms. Graves testified that she had lived with M.S. for two years and on the date of the rape the victim "drank quite a lot" and appeared drunk. Trial counsel also attempted to elicit testimony from Ms.

Graves that she had taken M.S. to the hospital on several occasions for alcohol-related problems and that M.S. is "unstable." The trial court, however, refused to permit this line of questioning.

At the evidentiary hearing, movant claimed trial counsel should have offered medical records which would tend to prove M.S. had been hospitalized several times for "alcohol problems" and that she had suffered from seizures over the last several years. Movant testified that he does not believe the victim has the ability to tell the truth and that "she walked in a fantasy land." Movant stated that he had given all of this information to his trial counsel, but that counsel failed to use the information at trial.

Norma Dukes and Johnnie May Lee also testified on behalf of movant at the hearing. Norma Dukes testified the victim had a reputation for untruthfulness and as a drunk, and had suffered several seizures in the past. Ms. Dukes also testified that she had told movant's trial counsel she wanted to testify at trial, but the attorney failed to call her as a witness. Johnnie May Lee testified that M.S. often "does not tell the truth" and "sometimes didn't even know where she lived."

The motion court reviewed the medical records excluded at trial and determined that there was nothing in the records which indicates M.S. was incompetent to testify. The motion court also determined that the testimony of Norma Dukes and Johnnie May Lee was unreliable and cumulative, and that trial counsel had correctly submitted the issue of the victim's competence to the trial judge.

■ Findings of a motion court must be sustained unless clearly erroneous. *Smith v. State*, 680 S.W.2d 412, 413 (Mo.App. 1984). The findings of a motion court are clearly erroneous if a review of the entire record leaves the court with a definite impression that a mistake has been made. *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App. 1985). We find that the findings, conclusions and judgment of the motion court were not clearly erroneous. *See, Richard-*

**226**

son v. State, 719 S.W.2d 912, 915 (Mo.App. 1986).

 We also find that movant has failed to establish ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979). These cases require that a movant prove trial counsel failed to employ the level of care and skill of a reasonably competent attorney and that failure to employ this level of skill was prejudicial. Here, trial counsel offered the medical records of M.S., and questioned her and another witness about the victim's alleged history of alcohol abuse and seizures. The issue of credibility of M.S. was contested. Counsel impeached M.S. on her intoxicated (or not) condition and her alcoholism. Counsel offered the medical records. Further, movant has not proven that the records and the testimony of additional witnesses would have compelled a conclusion of incompetence of M.S. There was no expert opinion evidence of incompetence. At most, the "missing" records and testimony were relevant on the issue of credibility. Competence and credibility are related but not identical issues. Competence was a matter of law for the trial judge. Credibility was a jury question.

Counsel explained to the trial court that the purpose in admitting these records was to show the jury that M.S. is an alcoholic with mental problems. The offer was for evidence of credibility, not competence. The trial judge refused to admit the records into evidence. Whether the records were improperly excluded is a matter for direct appeal and is not an issue under Rule 27.26. *See, Smith v. State,* 714 S.W.2d 778, 780 (Mo.App.1986).

Movant's counsel cross examined the victim about her drinking habits, and questioned her about the fact she had suffered seizures on several occasions. Counsel also called one witness, Ollie Graves, to testify about the victim's alleged drinking problem. The fact that no other witnesses were called to testify about M.S.'s drinking problem does not support a claim of ineffective assistance of counsel. The choice of witnesses involves trial strategy and failure to call additional witnesses was not ineffective assistance of counsel. *See, Jackson v. State,* 729 S.W.2d 253, 255 (Mo. App.1987).

Finally, the motion court found the records did not prove M.S. incompetent to testify. It also found the additional witnesses were not helpful. These findings are not clearly erroneous.

For the foregoing reasons, the holding of the motion court is affirmed.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.