**Glenn Earl AVERY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55301.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 11, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 9, 1989.

Application to Transfer Denied
June 13, 1989.

Scott A. Albers, Asst. Public Defender, Jackson, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

This is an appeal from the dismissal of a Rule 29.15 motion after an evidentiary hearing. We affirm.

A detailed summary of the facts of this case is available in the opinion of this court affirming appellant's conviction on direct appeal. *State v. Avery,* 724 S.W.2d 695 (Mo.App.1987). In brief, appellant and his brother, George Avery, were arrested by Scott County Sheriff's deputies for burglary and stealing. While at the sheriff's office, appellant had a telephone conversation with his ex-wife Margaret and then signed a confession. During the same time period his brother also confessed. Prior to trial appellant's attorney, Ms. Narrow, filed a motion to suppress appellant's confession because of alleged coercion. At the suppression hearing appellant and his ex-wife testified that the deputies had threatened Margaret with jail and the loss of her children if appellant did not confess. George Avery did not testify at the hearing. The motion to suppress was denied and appellant was convicted after a jury trial.

Appellant based his Rule 29.15 motion upon his counsel's failure to use George Avery as a witness at the suppression hearing because George would have testified that the deputies did make the threats as claimed. At the evidentiary hearing on the Rule 29.15 motion appellant, his ex-wife, and George Avery all testified that the alleged threats caused both appellant and his brother to confess. Ms. Narrow testified that she did not call George Avery because, in her opinion, his testimony would not have been helpful. She offered several reasons for this conclusion including George's prior conviction record, statements in his confession that implicated her client and the fact that he did not have personal knowledge of the coercive acts. At the close of evidence the court below issued findings of fact, conclusions of law and an order denying relief to appellant

because 1) the additional testimony would not have provided a viable defense, and 2) the decision not to call George Avery was legitimate trial strategy and thus not a basis for asserting ineffective assistance of counsel. This appeal followed.

 Appellant's only point relied on claims that the motion court erred in denying his motion because failure to call George Avery as a witness was not trial strategy. Review of post-conviction relief is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Laws v. State*, 708 S.W.2d 182, 185 (Mo.App. 1986). The selection of witnesses and the decision to not call additional witnesses are issues within the discretion of trial counsel as part of trial strategy. *Jackson v. State*, 761 S.W.2d 224, 226 (Mo.App.1988). Failure to call a witness will not require a finding of ineffective assistance unless the defendant can show that the testimony would have aided his case. *Atkins v. State*, 741 S.W.2d 729, 731 (Mo.App.1987).

 In the present case, defense counsel presented credible reasons for her decision not to use George Avery as a witness. His prior criminal record, incriminating statements, and his close ties to the defendant could all be factors that would have damaged his credibility. This possible damage was not offset by the value of his testimony since it would have been at most cumulative to the testimony of other witnesses and possibly not helpful at all. We do not find the motion court's findings and conclusions of this matter to be clearly erroneous.

The decision of the lower court is affirmed.

CRIST and CRANDALL, JJ., concur.