(682 P.2d 672)
No. 55,111

DOROTHY DOTY, *Appellee,* v. RENE WELLS, *Appellant.*

Opinion filed April 19, 1984.

*Joseph R. Ebbert,* of Turner and Boisseau, Chartered, of Great Bend, for appellant.

*John L. Hampton,* of Hampton & Hampton, Chtd., of Great Bend, for appellee.

Before FOTH, C.J., REES and PARKS, JJ.

REES, J.: This is an action for personal injury resulting from a rear-end automobile accident. A jury found plaintiff sustained total damages of $28,000 and attributed causal fault 90% to defendant and 10% to plaintiff. Plaintiff was awarded judgment of $25,200. Defendant appeals.

Defendant proffered into evidence the entry in a treating physician's office record reciting a pre-accident complaint of "Headache - Terrible - Bad - Age??" and a contemporaneous entry by the same treating physician in a hospital record reciting "Patient has terrible headaches which she blames upon her age." Plaintiff objected on the ground the evidence was hearsay. The trial judge denied its admission on the ground it was irrelevant. The obvious purpose of defendant's proffer was to lessen the extent and amount of recoverable damages sought by plaintiff.

On the record before us, it is without question that there was sufficient foundation for the admission of the office record and

hospital record entries under the business records exception to the hearsay rule (K.S.A. 60-460[*m*]). That foundation was either stipulated and agreed to by the parties or determined at pretrial. But, admissibility of the record entries as business records only goes to proof that plaintiff, a declarant, made the nontestimonial statement recited in the records.

In a double hearsay situation such as this, there arises a second question, that is, whether the declarant's nontestimonial statement, proved by evidence admitted under the business records exception, is itself admissible hearsay to prove the truth of the matter therein stated which, here, is that plaintiff suffered from headaches prior to the accident. We find and hold plaintiff's statement was admissible under either K.S.A. 60-460(*a*) (declarant present at the hearing and available for cross-examination) or K.S.A. 60-460(*l*)(2) (declarant's statement of previous symptoms, pain, or physical sensation, made to a physician consulted for treatment). The result is that plaintiff relied upon a nonmeritorious ground when making objection to the admission of the evidence. Our holding is consistent with *State v. Davis*, 2 Kan. App. 2d 698, 698-701, 587 P.2d 3 (1978), *rev. denied* 225 Kan. 846 (1979), where consideration of admissibility of an included statement under K.S.A. 60-460(*l*) was expressly excluded. See also, for example, *Mesecher v. Cropp*, 213 Kan. 695, 701-702, 518 P.2d 504 (1974); *Letcher v. Derricott*, 191 Kan. 596, 604, 383 P.2d 533 (1963); *Kreh v. Trinkle*, 185 Kan. 329, 343, 343 P.2d 213 (1959).

Be that as it may, other contentions call for discussion. The first concerns the trial judge's refusal of the evidence on the ground it was irrelevant.

Encompassing both relevance and materiality is our codified relevant evidence rule that, unless otherwise provided by statute, all evidence having any tendency in reason to prove a material fact is admissible. K.S.A. 60-407(*c*); K.S.A. 60-401(*b*). Taken at face value, this rule rendered the proffered evidence admissible. Nonetheless, a trial judge has discretion to exclude otherwise relevant evidence when it is cumulative (*Lindquist v. Ayerst Laboratories, Inc.*, 227 Kan. 308, 313-314, 607 P.2d 1339 [1980]); repetitive proof of the same point (*State v. Boyd*, 216 Kan. 373, 378, 532 P.2d 1064 [1975]); tangential, collateral to a fact in issue, or its probative value is insignificant (*State v.*

*Alderdice,* 221 Kan. 684, 689, 561 P.2d 845 [1977]); its probative value is outweighed by the danger of unduly emphasizing some phase of the lawsuit with possible resultant prejudice (*Talley v. J & L Oil Co.,* 224 Kan. 214, 220, 579 P.2d 706 [1978]); its admission risks unfair and harmful surprise (K.S.A. 60-445); it may unfairly prejudice a jury, or its probative value is outweighed by its prejudicial effect (*Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 613, 549 P.2d 1354 [1976]). No doubt other statements of permissible bases for discretionary refusal of relevant evidence are to be found.

Cervical sprain is the physical injury essentially claimed by plaintiff to have resulted from the accident. The excluded statement was made five years prior to the accident underlying this litigation and as a part of diagnostic procedures preceding a hysterectomy. Plaintiff admitted she did not enjoy perfect health prior to the accident. This appeal follows a retrial after a mistrial order apparently was granted because of misconduct of one or both counsel. The second trial was permeated with the admission of and thorough use on cross-examination of depositions and prior trial testimony. The record plainly reflects vigorous preparation and trial conduct on the part of counsel for both parties. In the context of this case, we are unable to conclude the trial judge abused his discretion in rejecting the proffered evidence as irrelevant (insignificant probative value) and we are convinced the rejection was not reversible error.

Defendant contends certain rebuttal evidence was erroneously admitted. In his brief he argues that in allowing the challenged rebuttal evidence, the trial judge unfairly prejudiced defendant because the evidence was the last put on before deliberation. Defendant says the evidence should have been introduced in plaintiff's case in chief since it could have been introduced then. We know of no such rule and defendant refers us to no supporting authority. In regard to rebuttal evidence, see *State v. Weigel,* 228 Kan. 194, 200, 612 P.2d 636 (1980); *State v. Phipps,* 224 Kan. 158, 161, 578 P.2d 709 (1978); *Service v. Pyramid Life Ins. Co.,* 201 Kan. 196, 220, 440 P.2d 944 (1968).

The final issue raised concerns final argument and Rule 168, 232 Kan. cliv. Upon conclusion of the opening portion of plaintiff's closing argument, defense counsel waived argument. Over

defendant's objection, plaintiff was permitted to make additional closing argument.

Rule 168, 232 Kan. cliv, "Closing Arguments to Jury," contains provisions regarding the division of plaintiff's aggregate time allotted for closing argument and limitation upon the content of the final portion of plaintiff's closing argument. It also provides that "[i]f, after plaintiff has made an argument, defendant waives argument, then no further argument shall be permitted."

The trial transcript wholly fails to disclose that defense counsel cited and referred the trial judge to Rule 168. It shows his objection that "when I waive, he is through." Plain and explicit citation of Rule 168 to the trial judge by defense counsel first appears in the text of defendant's motion for a new trial.

After submission of the case to the jury and while it was deliberating, a record was made with respect to the off-the-record action taken immediately preceding and succeeding the opening portion of plaintiff's closing argument. The trial judge stated:

"[A]t the waiving of Mr. Turner's close, counsel approached the bench and Mr. Turner informed the Court that to allow the plaintiff's attorney to finish his closing argument after defense had waived was error. . . . I instructed counsel that they would have fifteen minutes, thirty minutes, and fifteen minutes and that it would be prejudicial to the interests of the parties to deny them the time allotted even though Mr. Turner chose to waive his closing argument."

### Defense counsel's response in part was:

"[T]he rule is clear that when a party waives, a defendant waives argument, that terminates any further argument on the part of the plaintiff. . . . I can assure the Court that the rule has been and is now in this state that when a party waives, that terminates any further argument on behalf of the plaintiff and the Court, by ignoring that rule, commits error, which is prejudicial to the point that a mistrial should be declared and I so move the Court."

When defendant's motion for a new trial was heard some ten days later, the trial judge said:

"The situation that has been described by counsel is substantially what happened. I inquired as to the amount of time they requested for closing argument. Mr. Hampton said he would like to have thirty minutes, Mr. Turner said no more than five. I then instructed Mr. Hampton that he would be given the fifteen minutes and fifteen minutes and Mr. Turner was told that he would have thirty minutes in between and he replied, as I recall, that he would not need that much time. I told him that he could use whatever time he chose to use.

"Mr. Hampton argued fifteen minutes and I told him that he had completed fifteen minutes and he sat down. Mr. Turner then announced to the Court that he chose to waive his closing argument. I then turned to Mr. Hampton and said, 'You

may proceed.' Mr. Turner immediately objected and counsel approached the bench. In the discussion, which . . . was off the record, an argument ensued as to whether or not Mr. Hampton had the right to continue his closing argument. I inquired of both counsel what was the law? Where was the rule? Where did it come from? Mr. Hampton did not reply to that interrogatory in a way that was meaningful to the Court or helpful to the Court. Mr. Turner replied that he was certain the rule existed but could not take the time to dig it out.

"Under the circumstances then existing, it was my opinion that having told counsel for the plaintiff that he would be given two fifteen-minute segments, it would be prejudicial to the plaintiff to deny him those two fifteen-minute segments. Defendant had the opportunity to change his decision and make a closing argument which he elected not to do. I concede clearly for the record that I violated Rule 168 out of my ignorance. I instructed the jury that statements of counsel were not to be considered as evidence and I must presume that their decision was based on the evidence and not on the arguments of counsel.

"I therefore conclude that the failure to comply with Rule 168, though erroneous on my part, was not so prejudicial as to harm the interests of the defendant and I deny the motion for new trial on that basis."

While the trial judge made no express reference to K.S.A. 60-261, it is clear that what he had in mind was the principle expressed in that part of that statute which declares "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Was there reversible error? On the one hand we have K.S.A. 60-261 and the trial judge's exposition of his reasoned explanation for granting the permission, action patently taken with a fair trial as its purpose and goal. Further, we are strongly inclined to the view that the conduct of defense counsel bordered on, if it did not cross the line into, invited error. On the other hand, plaintiff's counsel must be charged with knowledge of Rule 168 and its direct and unqualified mandate that there shall be no further closing argument by plaintiff if defendant waives argument.

We reluctantly conclude the trial judge's grant of permission to plaintiff to make further closing argument following defendant's waiver of closing argument was reversible error requiring a new trial. To hold otherwise relegates the last sentence of Rule 168 to nothing more than a statement of permissible trial procedure subject to review only on the issue of abuse of discretion. That opens too many doors. As a single example, it would follow that the Rule 168 direction that plaintiff be permitted no greater time for the final portion of closing argument than that taken in the

opening portion of closing argument simply is an available rule of trial procedure to be applied by the trial judge as a matter of discretion.

The trial transcript discloses damages was the sole general issue addressed by plaintiff's counsel in the final portion of his closing argument. Therefore, we find the error in permitting the additional closing argument affected the issue of damages only and we conclude the new trial should be on that issue only.

Reversed and remanded for a new trial on the issue of damages only.