No. 66,320

SCOTT B. CURRY, *Appellee*, v. WILLIAM P. KLEIN, *Appellant.*

(840 P.2d 443)

Opinion filed October 30, 1992.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, argued the cause, and *Leonard R. Frischer*, of the same firm, was with him on the briefs for appellant.

*Mark Beam-Ward*, of Hill, Beam-Ward & Alberg, of Overland Park, argued the cause, and *Lisa Ashner Adkins* and *Sarah A. Brown*, of the same firm, were with him on the briefs for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: This is a personal injury action arising out of an automobile accident occurring on April 4, 1987, in Prairie Village. Defendant William P. Klein admitted liability and a jury trial was held on the issue of damages. A verdict was reached fixing damages in the amount of $110,502, and judgment was entered in said amount in favor of plaintiff Scott B. Curry. Defendant appealed therefrom. The Court of Appeals, in an unpublished opinion filed March 13, 1992, reversed the judgment and remanded the case for a new trial. The matter is before us on petition for review.

There is no claim of trial error. Rather, all issues relate to the propriety of three rulings made which excluded defendant from

utilizing Dr. Joseph Lichtor as an expert medical witness. Accordingly, only facts relative to those rulings are necessary for our decision herein.

## ORDER OF MAY 24, 1989

Defendant filed a motion pursuant to K.S.A. 60-235 for an order directing the plaintiff to submit to an examination by Dr. Joseph Lichtor, an orthopedic physician. Plaintiff filed a motion objecting thereto, and, following a hearing thereon, District Judge G. Joseph Pierron, Jr., declined to enter the requested order for examination. Defendant then requested that said ruling be certified pursuant to K.S.A. 1991 Supp. 60-2102(b) for interlocutory appeal, but said request was denied.

K.S.A. 60-235 provides, in pertinent part:

"(a) *Order for examination.* When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. The moving party shall advance the expenses which will necessarily be incurred by the party to be examined."

Judge Pierron's lengthy decision may be summarized as follows. K.S.A. 60-235 affords a trial judge wide discretion in determining whether or not to order a party to submit to examination by the specified physician. Dr. Lichtor had testified as an expert witness in certain specified cases involving other parties which had been tried before him. As a result of these prior experiences involving Dr. Lichtor, Judge Pierron had formed certain opinions as to Dr. Lichtor as an expert witness. These included: (1) Dr. Lichtor was very biased in his testimony; (2) Dr. Lichtor exhibited a lack of candor and an evasiveness when questioned on his professional qualifications and experiences as an expert witness; and (3) Dr. Lichtor ascribed base motives of personal gain to the injured person's complaints of pain. Based upon these considerations, the trial court refused to order the examination.

The defendant attacks this ruling on the following grounds:

1. It was based wholly on the trial judge's experience with Dr. Lichtor in other cases not involving the parties hereto.
2. No evidence was introduced at the hearing relative to Dr. Lichtor.
3. The trial court was not exercising discretion under the statute as no evidence was before it on which it could deny defendant's request for a K.S.A. 60-235 examination.

First, it should be noted that the propriety of an examination by an orthopedic physician under K.S.A. 60-235 was not an issue. Plaintiff is seeking in this action monetary damages for injuries within the orthopedic medical area of specialty. The conflict is squarely over defendant's designation of Dr. Lichtor as the examining physician. This is not the first time unfavorable views held by members of the Johnson County judiciary as to Dr. Lichtor as an expert medical witness have been before this court. See *Jones v. Bordman*, 243 Kan. 444, 759 P.2d 953 (1988) (a case in which K.S.A. 60-235 was not involved, however).

Was it error for Judge Pierron to consider and base his ruling on his prior experience with Dr. Lichtor in other cases coming before him? Generally, the answer to such a question would be in the affirmative. If a statute requires a hearing, then the judicial decision should be based upon evidence introduced at the hearing. However, within the context of K.S.A. 60-235 and the unusual circumstances herein, we believe the answer should be answered in the negative. Inherent in the statute is judicial discretion in two areas: (1) whether to order the examination; and (2) if ordered, what physician shall conduct it.

In the typical automobile accident case, a request that plaintiff be examined by a designated orthopedic physician or surgeon would be granted rather routinely. But it must be considered that the statute is considerably broader. A motion by one parent in a child custody dispute to have the other parent or a child examined by a psychiatrist is also within the purview of the statute. Extremely sensitive issues may be involved relative to whether to order any such examination and, if so, by whom it should be done. Let us assume an extreme scenario. In a child custody matter, a motion is made by the father of a child to have the child examined by Dr. John Doe, a child psychologist. The wife's attorney knows nothing about Dr. John Doe, opposes any

examination, and presents no evidence as to Dr. Doe. The trial judge knows, from prior judicial experiences with Dr. Doe that Dr. Doe will likely be biased in his testimony, will attempt to manipulate the child's true feelings, and may well inflict psychological trauma on the child in the process of his examination. Should the trial court restrict the operation of its judicial discretion to just what is presented in court on the day the motion is heard? We believe not. Further, it would be rather ridiculous if evidence of the judge's own prior cases and experiences is required to be introduced before the judge can consider same.

There is no showing herein that Dr. Lichtor was the only physician or one of a small number of physicians in the field of expertise being sought. This could be a factor in appropriate circumstances. K.S.A. 60-235 provides that *upon a showing of good cause the court may order* the examination. Clearly, the legislature has granted the court broad discretion in this area. There is nothing in the record to indicate that the court was not going to order an examination regardless of the physician designated. The denial of the examination was wholly predicated upon the designation of Dr. Lichtor as the examining physician.

Our standard of review in the instant matter is abuse of discretion. The cases indicate that discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. This is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Lone Star Industries, Inc. v. Secretary, Kansas Dept. of Transp.*, 234 Kan. 121, 131, 671 P.2d 511 (1983).

We conclude no abuse of judicial discretion has been shown in the district court's refusal to order the requested examination pursuant to K.S.A. 60-235.

## ORDER OF APRIL 24, 1990

On January 17, 1990, defendant designated Dr. Lichtor and Dr. Victoria Cook as his expert witnesses to be called at trial. The plaintiff moved to strike Dr. Lichtor. A hearing was held and the court struck Dr. Lichtor's name on the basis his testimony would be cumulative. Judge Pierron held that the two physicians

designated by plaintiff were treating physicians and it was appropriate that both should be permitted to testify. He then held that defendant could not present two expert physicians. Judge Pierron found that Dr. Cook had examined the plaintiff, presumably pursuant to K.S.A. 60-235, and hence Dr. Lichtor, who had not, should be struck as a cumulative witness.

The following exchange then took place between the court and defense counsel:

"MR. FRISCHER: What if I were to call Dr. Lichtor instead of Dr. Cook?

"THE COURT: It would be the opinion of the Court that he was being called as an independent medical examiner physician, and the Court's original determination would be the same.

"MR. FRISCHER: But he hadn't examined the plaintiff.

"THE COURT: That would mean his opinion would be given less weight.

"MR. FRISCHER: That's a determination for the jury.

"THE COURT: I have made a ruling on Dr. Lichtor before. If you haven't read that, I would suggest that you reread the opinion. The statute calls for the possibility of one independent medical examiner. That person has been named, and they have done the examination.

So the Court will strike Dr. Lichtor."

The defendant contends the striking of Dr. Lichtor as an expert witness on the grounds his testimony would be cumulative constitutes an abuse of discretion under the facts herein. We agree.

It is well established that the trial court does have discretion to limit cumulative evidence. *Powers v. Kansas Power & Light Co.*, 234 Kan. 89, 98-99, 671 P.2d 491 (1983). In the present case, however, the record clearly shows that the trial court would not allow Dr. Lichtor to testify even if he were the only medical expert called by defendant. There was no claim Dr. Lichtor lacked capacity or qualifications to testify as an expert medical witness. The court's objections to Dr. Lichtor as a witness all go to the perceived lack of quality and candor in his testimony.

We conclude the trial court's striking of Dr. Lichtor's name from defendant's witness list on the basis his testimony would be cumulative constituted an abuse of discretion.

### ORDER OF FEBRUARY 12, 1991

District Judge G. Joseph Pierron, Jr., was appointed to the Court of Appeals and the case herein was reassigned to Judge James F. Davis. The case was set for trial commencing Tuesday,

February 12, 1991. Four days previously, defense counsel advised plaintiff's counsel that Dr. Lichtor would be called as an expert witness. On the morning of trial, the question of Dr. Lichtor testifying was brought to Judge Davis' attention. Plaintiff objected on the grounds of prejudice and surprise. Dr. Lichtor had been out of the case since the court's ruling 10 months earlier.

Judge Davis stated he had no feelings about Dr. Lichtor's competency or bias and he would not have "automatically ex-cuse[d] Dr. Lichtor" had the matter been raised earlier. Judge Davis refused to permit Dr. Lichtor to testify on the basis of surprise and prejudice to plaintiff.

K.S.A. 60-445 provides:

"Except as in this article otherwise provided, the judge may in his or her discretion exclude evidence if he or she finds that its probative value is substantially outweighed by the risk that *its admission will unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered.*" (Emphasis supplied.)

The admissibility of evidence is largely within the discretion of the trial judge. *Williams v. Union Pacific Railroad Co.*, 204 Kan. 772, 780, 465 P.2d 975 (1970). Relevant evidence may be excluded when its admission risks unfair and harmful surprise. *Doty v. Wells*, 9 Kan. App. 2d 378, 379-80, 682 P.2d 672, *rev. denied* 235 Kan. 1041 (1984). Here, Judge Pierron had excluded Dr. Lichtor from the witness list 10 months prior to trial. Plaintiff's discovery and trial preparation proceeded based upon the judicial decision that Dr. Lichtor would not be testifying at trial. Four days before trial (two of which were a weekend), plaintiff's counsel was advised defendant intended to call Dr. Lichtor. We find no abuse of discretion in the trial court's ruling on the morning of trial to exclude Dr. Lichtor on the basis of surprise and prejudice to the plaintiff.

## CONCLUSION

We have an unusual situation. Judge Pierron's decision not to order the plaintiff to submit to an examination by Dr. Lichtor under the auspices of K.S.A. 60-235 has been held herein not to constitute an abuse of discretion. We have further held Judge Pierron's decision to strike Dr. Lichtor from defendant's witness list on the basis his testimony would be cumulative was an abuse

of discretion. Finally, we have held Judge Davis' decision not to permit Dr. Lichtor to testify at trial, said matter having been presented to him for the first time on the morning of trial (and to opposing counsel four days previously), was not an abuse of discretion. Under all of the circumstances herein, is defendant entitled to a new trial? We believe not.

The only improper decision herein was made 10 months prior to trial. Presumably, Judge Pierron could have reconsidered this ruling at any time subsequent thereto, although it is unlikely under the facts herein that he would have reached a different result. However, the reassignment of the case to Judge Davis on January 14, 1991, afforded the defendant an opportunity to have the matter newly considered. Had defendant acted promptly after the reassignment of the case to reassert his desire to have Dr. Lichtor testify, it is likely a different result would have been reached. Judge Davis indicated he had no opinion as to Dr. Lichtor as an expert witness and excluded him only on the basis of the timing involved. We believe that reversing the district court's judgment and ordering a new trial is inappropriate under these circumstances.

The judgment of the Court of Appeals is reversed. The judgment of the district court is affirmed.

ABBOTT, J., not participating.

MICHAEL J. MALONE, district judge, assigned.