NOT DESIGNATED FOR PUBLICATION

No. 126,429

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KRISTOPHER KELETI,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Submitted without oral argument. Opinion filed October 25, 2024. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Kristopher Esmond Keleti appeals from his jury conviction for possession of methamphetamine with intent to distribute and possession of drug paraphernalia. He argues that the district court wrongfully excluded evidence at trial, thus violating his fundamental right to present a defense. But we find that the district court did not abuse its discretion by excluding this evidence, so we affirm.

1

*Factual and Procedural Background*

In October 2018, police officers on patrol noticed what looked like an empty vehicle with its doors open in a hotel parking lot. Because of recent burglaries in the area, the officers approached the vehicle. They found Keleti in its driver's seat and a woman named Skylar Cordray in the passenger seat.

Officers arrested Cordray after she refused to cooperate during the stop. Keleti cooperated with officers and told the police that he owned the vehicle and that he had been staying at the hotel with a friend. After finding marijuana and a $20 bill in Cordray's pocket, the officers called a K-9 unit to the scene. The drug dog alerted to the car and a bag in the car behind the driver's seat. The bag had a feminine appearance and contained paperwork addressed to Cordray. Inside the bag, officers found a digital scale, a prescription bottle containing marijuana, and a plastic bag with a large volume of what police later identified as methamphetamine. The officers then arrested Keleti and searched him. Body camera footage of that search showed that one of the officers had not changed his gloves after he touched Keleti's sweaty skin before he handled the bag of methamphetamine.

The State charged Keleti with possessing methamphetamine with intent to distribute, possession of drug paraphernalia, and possession of marijuana. At the jury trial, the parties presented conflicting testimony about what impact the officer's oversight (in not changing his gloves) had on the DNA profile for the bag of methamphetamine. Experts from both sides acknowledged that DNA can be transferred across people and objects during a search. The State's forensic expert testified that the State had conducted a DNA analysis of the bag containing the methamphetamine and had found DNA from at least four people on the bag. According to that expert, it was 194 septillion times more likely that the major DNA profile on the bag was Keleti's than anyone else's. On cross-examination, Keleti disputed this evidence and challenged the protocol the officers had

2

used during the search. The cross-examination of the State's DNA expert, Deputy Bethany Stone, focused almost exclusively on DNA transfer.

Keleti's expert, Stephanie Beine, testified that DNA contamination "is well studied and documented in the literature." In her opinion, the concentration level of the DNA on the bag of methamphetamine likely represented a secondary transfer from Keleti's skin to the bag based on the low quantity of the sample. But she conceded on cross-examination that the sample could have been a primary transfer from Keleti having directly touched the bag.

During Beine's testimony, Keleti moved to admit an article on DNA transfer from Forensic Science International. The State objected to its admission as hearsay, and the district court sustained the objection over Keleti's protest that the learned treatise exception to the hearsay rule applied.

The jury convicted Keleti of possessing methamphetamine with intent to distribute and possession of drug paraphernalia, but it acquitted him of possession of marijuana.

Keleti timely moved for a judgment of acquittal and a motion for new trial, alleging that the district court had prevented him from presenting his defense by excluding the journal article. In its response brief, the State conceded that the article met the requirements for a learned treatise under K.S.A. 60-460(cc). But the State argued that because the substance of the article was the same as oral testimony presented by Keleti's expert, no prejudicial error had occurred.

The district court held a hearing on Keleti's motions, then denied the motion for judgment of acquittal. It found the jury had more than enough evidence to have found beyond a reasonable doubt that Keleti possessed the methamphetamine. The district court did not rule on whether the article was admissible under the learned treatise exception,

3

but it found that it did not know what additional help the article could have provided because its contents duplicated testimony presented by both sides. The district court also denied the motion for a new trial, finding that because Keleti had the opportunity to ask his expert about the contents of the article but chose not to, he was not deprived of the opportunity to present a defense.

Keleti timely appeals.

*Did the District Court Err in Excluding Defense Evidence?*

Keleti argues that the district court's erroneous exclusion of a journal article that was admissible under the learned treatise exception to the hearsay rule prevented him from presenting evidence that was integral to his case. Keleti alleges that by excluding the article, the district court denied him his fundamental right to present a defense because the article casted doubt on the State's DNA evidence and bolstered his theory of how his DNA got on the bag of methamphetamine. The State counters that the district court correctly excluded the article because it was cumulative evidence, but any error was harmless because Keleti presented lots of evidence on the same topic of the journal article.

*Standard of Review*

When, as here, a party alleges error by the district court in excluding evidence, we review the court's decision for an abuse of discretion. *State v. Meggerson*, 312 Kan. 238, 257, 474 P.3d 761 (2020).

*Analysis*

During direct examination of his expert witness, Keleti moved to admit a journal article from Forensic Science International on DNA transfers. The district court sustained the objection, finding that the journal was hearsay. On Keleti's motion for a new trial, both the State and Keleti agreed that the learned treatise exception in K.S.A. 60-460 applied, meaning the evidence was not excludable under the hearsay rule. Both parties maintain this position on appeal.

But we need not determine whether the district court erred by excluding the journal article as inadmissible hearsay. For purposes of this appeal, we assume that the journal article fell within the learned treatise exception to the hearsay rule. This brings us to the State's assertion that the district court's exclusion of the article was still correct because the article was merely cumulative, and its exclusion did not prevent Keleti from presenting his defense.

*Did the district court abuse its discretion by excluding the article?*

"The admission of evidence involves several legal considerations:  determining relevance; identifying and applying legal principles including rules of evidence; and weighing prejudice against probative value." *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). The State and Keleti agree that the journal article was relevant. All relevant evidence is admissible unless it is prohibited by statute, constitutional provision, or court decision. See K.S.A. 60-407(f); *Levy*, 313 Kan. at 237. Relevance is defined in K.S.A. 60-401(b) as "'evidence having any tendency in reason to prove any material fact.'" *Levy*, 313 Kan. at 237. Relevance has two elements: a materiality element and a probative element. 313 Kan. at 237. "A material fact is one that has some real bearing on the decision in the case. Materiality presents a question of law that appellate courts consider de novo without deferring to the district court judge. [Citations omitted.]" *State v. Alfaro-*

*Valleda*, 314 Kan. 526, 533, 502 P.3d 66 (2022). Evidence is probative if it tends to prove a material fact. 314 Kan. at 533.

Still, district courts have discretion to admit or exclude relevant evidence that is cumulative. *Meggerson*, 312 Kan. at 257. "'Cumulative evidence is evidence of the same kind to the same point, and whether it is cumulative is to be determined from its kind and character, rather than its effect.'" *State v. Dupree*, 304 Kan. 43, 65, 371 P.3d 862 (2016). Evidence is not cumulative when it provides more evidence or a different view of the evidence. 304 Kan. at 65. Only an abuse of discretion by the district court in excluding cumulative evidence warrants reversal by an appellate court. *Meggerson*, 312 Kan. at 257.

Is the journal article from Forensic Science International on DNA transfers cumulative? Yes. The district court found that the article's "contents duplicated testimony presented by both sides," when ruling on Keleti's motion for acquittal. Our review of the trial transcript shows that witnesses for both sides discussed DNA transfers and contamination at length. And our review of the article shows that it is to the same point as the expert testimony. Tellingly, in his brief on appeal, Keleti does not contend that this article would have presented new evidence. Instead, Keleti alleges the article would have given the jury "an unbiased, independent source of *the same information*" that his expert witness testified to.

Keleti argues the article bolsters "the legitimacy of their defense that Keleti's DNA was transferred onto the plastic bag by police officers after they arrested and searched him while wearing disposable gloves, then handled the plastic bag while wearing the same gloves." Finally, Keleti argues that the article also "casts doubt on a key piece of the State's evidence." But these bolstering or credibility assertions go the effect of the evidence, not to its kind and character. And whether evidence is cumulative is determined by its kind and character, not its effect. *Dupree*, 304 Kan. at 65.

Both experts agreed that the officer's gloves could have transferred Keleti's DNA to the bag of methamphetamine. The State's expert agreed that DNA can be transferred to an object by contacting it, that DNA is "sometimes easily transferred," that DNA transfers "all the time," that "[a]ny contact could transfer" it, and that DNA could be transferred by gloves.

And as noted by both Keleti and the State, the contents of the journal article would have made the same point that Keleti's expert witness had testified to. Although the article was a different kind of evidence, its character was the same: the article discussed how DNA is transferred, that DNA must be of sufficient quality and quantity to be transferred, and that the material of objects and how they are handled affect whether DNA is transferred. The similarity between the content and scope of the article and the testimony of the expert witnesses shows that the journal article was cumulative evidence that the district court had the discretion to exclude.

That same rationale shows that the excluded article was not essential to Keleti's defense theory that police had transferred his DNA to the bag of methamphetamine (one of his three theories of defense). Keleti thoroughly made the points essential to that theory of defense by his expert's direct testimony, by cross-examining the State's expert, and in his opening statements and closing arguments. He has not shown that his defense would have been any different had the article been admitted.

Judicial discretion is abused when the district court bases its decision on an error of fact or law or when its decision is so off the mark that no reasonable person would agree with it. *State v. Waldschmidt*, 318 Kan. 633, 657, 546 P.3d 716 (2024). A district court has broad discretion to exclude relevant evidence if it proves the same point as other evidence or if the evidence is only relevant for a tangential or insignificant point. See *State v. Reed*, 282 Kan. 272, 280, 144 P.3d 677 (2006); *Doty v. Wells*, 9 Kan. App. 2d 378, 379-80, 682 P.2d 672 (1984). Such is the case here. The excluded article makes

the same point as other evidence. We find no abuse of discretion in the district court's decision not to allow this evidence.

Even if the district court erred by excluding the article under the belief that it was hearsay, this court can affirm a district court as right for the wrong reason if there is an alternative basis for the district court's ruling. *State v. Parks*, 312 Kan. 487, 489, 476 P.3d 794 (2020). We do so here. As argued by the State, and as found by the district court when ruling on Keleti's motion for acquittal, the cumulative nature of the article warrants its exclusion.

We find it unnecessary to reach the State's argument that the exclusion, if erroneous, was harmless.

Affirmed.